United States District Court
Southern District of Texas
**ENTERED**
June 13, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*, § | |
| § | |
| Plaintiffs, § | |
| § | |
| VS. § | NO. 2:09-CR-00378-001 |
| § | |
| MARIO ALBERTO SANCHEZ- § | |
| PARTIDA, § | |
| § | |
| Defendant. § | |

## ORDER

Pending before the Court is Defendant Mario Alberto Sanchez-Partida's ("Sanchez-Partida") second motion for compassionate release. (D.E. 139). The Court DENIES the motion.

### I.   BACKGROUND

On July 20, 2009, Sanchez-Partida pleaded guilty to one count of conspiracy to possess with intent to distribute more than 5 kilograms of cocaine and more than 1,000 kilograms of marihuana, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A) ("Count One"); and one count of conspiracy to launder monetary instruments, in violation of 18 U.S.C. § 1956(a)(1) and (h) ("Count Two"). (D.E. 127 at 1). On March 18, 2010, the Court sentenced Sanchez-Partida to 210 months imprisonment for each count, to be served concurrently.[1] *Id*. at 2. The Court also imposed a five-year term of supervised release for Count One and a three-year term of supervised

---

[1] The 210-month sentence in this case is also to be served concurrently with the five-year term (i.e., 60 months) imposed in Case No. 7:09-CR-112-1 for one count of aiding and abetting the making of a false statement to a firearms dealer in acquisition of firearms, in violation of 18 U.S.C. § 924(a)(1)(A). (D.E. 127 at 2). The Court sentenced Sanchez-Partida in this case and Case No. 7:09-CR-112-1 during the same sentencing hearing on March 18, 2010.

release for Count Two. *Id.* at 3. Sanchez-Partida did not appeal the judgment in this case, which became final fourteen days later, on April 1, 2010. See Fed. R. App. P. 4(b).

Sanchez-Partida previously filed two separate motions for sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 to the Sentencing Guidelines (D.E. 131; D.E. 133), which the Court denied both times due to the continuing need to protect the public (D.E. 132; D.E. 134). On December 9, 2020, Sanchez-Partida filed a previous motion for compassionate release arguing that his rehabilitation efforts constitute an extraordinary and compelling reason for a sentence reduction.[2] (D.E. 135). The Court denied the motion, stating that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason" to warrant compassionate release," and again citing the need to protect the public as an additional basis for denial. (D.E. 137 (quoting 28 U.S.C. § 994(t)). The Court now considers Sanchez-Partida's second motion for compassionate release. (D.E. 139).

## II.    LEGAL STANDARD

Pursuant to 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018, the Court, "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable," if it finds that "extraordinary and compelling reasons warrant such a reduction," and if "such reduction is consistent with applicable policy statements issued by the Sentencing Commission." *See* 18 U.S.C. § 3582(c)(1)(A)(i); First Step

---

[2] Unlike the instant motion, Sanchez-Partida did not aver that his health conditions or COVID-19 constitute an extraordinary reason to grant release, so the Court did not address either claims despite the proffer of his medical records. (D.E. 135; D.E. 136; D.E. 136-1).

Act of 2018, Pub. L. 115-391, § 603(b), 132 Stat. 5194, 5239. The sentencing factors outlined in § 3553(a) that the Court must consider include, inter alia, "the nature and circumstances of the offense and the history and characteristics of the defendant"; the need for the imposed sentence "to reflect the seriousness of the offense," "to afford adequate deterrence to criminal conduct," and "to protect the public from further crimes of the defendant"; and "any pertinent policy statement" issued by the Sentencing Commission. *See* 18 U.S.C. § 3553(a). The defendant bears the burden to show extraordinary and compelling reasons, to show that compassionate release is consistent with applicable policy statements from the Sentencing Commission, and to convince the district judge to exercise discretion to grant the motion after considering the § 3553(a) factors. *See United States v. Shkambi*, 993 F.3d 388, 392 (5th Cir. 2021).

### III.   DISCUSSION

Sanchez-Partida claims that he qualifies for compassionate release due to the dangers posed by COVID-19, as he suffers from high-risk medical conditions.[3] (D.E. 139 at 3-4). Sanchez-Partida submitted a request for compassionate release to the Warden of his prison on September 8, 2021. *Id.* at 2. Sanchez-Partida filed his motion with the Court on June 6, 2022. (D.E. 139-2). Sanchez-Partida has therefore satisfied the exhaustion requirement for the Court to review his motion.

In order to substantiate his medical claims, Sanchez-Partida previously proffered his medical records before the Court. (D.E. 136; D.E.136-1). However, Sanchez-Partida does not allege, nor do his medical records suggest, that he is receiving inadequate treatment for his medical conditions. *Id.* Indeed, Sanchez-Partida's concerns about possible exposure to COVID-19 do not meet the criteria for extraordinary and compelling reasons for compassionate release under §

---

[3] Sanchez claims to suffer from "High Blood Pressure, Hypertension, Hyperlipidemia, Diabetes Mellitus Type II, and possible prostate cancer." (D.E. 139 at 3).

3582(c)(1)(A)(i). *United States v. Gold*, 459 F. Supp. 3d 1117, 1120 (N.D. Ill. 2020); *United States v. Eberhart*, 448 F. Supp. 3d 1086, 1090 (N.D. Cal. 2020). Further, Sanchez-Partida's concerns as to COVID-19 are addressed by his vaccination status, as he was fully vaccinated on April 15, 2021, and he received a booster shot on March 17, 2022. (D.E. 140). The Court therefore concludes that Sanchez-Partida's claims do not amount to an extraordinary and compelling reason to warrant a reduction or modification of his sentence.

Notwithstanding a lack of extraordinary and compelling reasons to grant compassionate release, the Court also finds Sanchez-Partida ineligible for compassionate release due to his criminal history and risk to the public. The Court previously denied three motions to modify Sanchez-Partida's sentence due to the need to protect the public. (D.E. 132; D.E. 134; D.E. 137). The Court would again deny the instant motion due to the quantity of drugs and money involved in the offenses and the fact that Sanchez-Partida was also an arms trafficker. The imposed sentence is therefore necessary to reflect the seriousness of the underlying offense, to afford adequate deterrence to criminal conduct, and to protect the public from further crimes. *See* 18 U.S.C. § 3553(a).

### IV. CONCLUSION

For the foregoing reasons, Sanchez-Partida's motion for compassionate release pursuant to 18 U.S.C. § 3582 is DENIED.

SIGNED and ORDERED on June 13, 2022.

Janis Graham Jack
Senior United States District Judge